IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA      :
                              :  Case No. 1:16-CR-075
                              :
            vs.               :  (Judge Kane)
                              :
CHRISTOPHER MARK HEATH,       :
                Defendant     :

TRANSCRIPT OF JURY TRIAL PROCEEDINGS
VOLUME 3
PAGES 411 THROUGH 421

BEFORE THE HONORABLE YVETTE KANE
UNITED STATES DISTRICT COURT JUDGE
MAY 10, 2017; 11:30 A.M.
HARRISBURG, PENNSYLVANIA

FOR THE GOVERNMENT:

    Meredith A. Taylor, Assistant United States Attorney
    Joseph J. Terz, Assistant United States Attorney
    United States Attorney's Office
    228 Walnut Street, Second Floor
    Harrisburg, PA  17101

FOR THE DEFENDANT:

    Lori J. Ulrich, Assistant Federal Public Defender
    Federal Public Defender's Office
    100 Chestnut Street, Suite 306
    Harrisburg, PA  17101

Lori A. Shuey
Federal Certified Realtime Reporter
United States Courthouse
228 Walnut Street, P.O. Box 983
Harrisburg, PA  17108-0983
717-215-1270
lori_shuey@pamd.uscourts.gov
Proceedings recorded by mechanical stenography; transcript
produced by computer-aided transcription.

1    *(Jury deliberates from 9:30 a.m. to 11:30 a.m.)*

2         *THE COURT:*  Good morning, counsel, jurors.  Ms. Weida

3    tells me there's a verdict.  Would the foreperson tender the

4    verdict slip, please.  Ms. Weida, would you publish the

5    verdict, please.

6         *COURTROOM DEPUTY:*  Count 1, conspiracy to manufacture,

7    distribute, and possess with the intent to manufacture and

8    distribute marijuana.  On the charge of conspiracy to

9    manufacture, distribute, and possess with the intent to

10   manufacture and distribute marijuana, we, the jury, unanimously

11   find Defendant Christopher Mark Heath guilty.

12         Do you unanimously find that the government proved

13   beyond a reasonable doubt that the weight of the mixture or

14   substance containing marijuana in the conspiracy to

15   manufacture, distribute, and possess with the intent to

16   manufacture and distribute marijuana which you have found was

17   100 kilograms or more?  Yes.

18         Count 2, on the charge of conspiracy to commit money

19   laundering, we, the jury, unanimously find Defendant

20   Christopher Mark Heath guilty.

21         Count 18, on the charge of manufacture, distribution,

22   and possession with the intent to manufacture and distribute

23   marijuana, we, the jury, unanimously find Defendant Christopher

24   Mark Heath guilty.

25         On the charge of possession, use, and carrying a

1   firearm in furtherance of and during and in relation to a drug

2   trafficking crime, we, the jury, unanimously find Defendant

3   Christopher Mark Heath guilty.

4        Do you unanimously find that the government proved

5   beyond a reasonable doubt that Defendant Christopher Mark Heath

6   either possessed a firearm in furtherance of a drug trafficking

7   crime or used and carried a firearm during and in relation to a

8   drug trafficking crime or both?  The answer is possession of a

9   firearm in furtherance of a drug trafficking crime.

10        *THE COURT:*  Counsel, do you wish to have the jury

11   polled?

12        *MS. ULRICH:*  No, Your Honor.

13        *THE COURT:*  Very well.  Jurors, this concludes your

14   service to the Middle District of Pennsylvania.  The lawyers

15   and the parties are grateful for your attention and your

16   participation.  I excuse you now with the thanks of the court

17   and the parties.  Ms. Weida will escort you.

18        *(Jury leaves courtroom.)*

19        *THE COURT:*  Counsel, I have a presentence report

20   disclosure date of July 5th, 2017, and a suggested sentencing

21   date of August 16th, 2017.  Does that fit with counsel's

22   calendars?

23        *MS. ULRICH:*  Yes, Your Honor.

24        *MS. TAYLOR:*  Yes, Your Honor.

25        *THE COURT:*  All right.  Is there anything else for the

1  matter?

2  MS. TAYLOR:  Yes, Your Honor.  In the indictment,

3  there is a forfeiture count.  I have had an opportunity to

4  speak with defense counsel.  I believe they are not contesting

5  that for today's purposes, and we will file the preliminary

6  motion with the court after today's proceeding.

7  THE COURT:  Ms. Ulrich.

8  MS. ULRICH:  That's correct.

9  THE COURT:  All right.  Anything further?

10  MS. TAYLOR:  In addition, Your Honor, we are asking

11  that the defendant be remanded at this time given the jury's

12  verdict.  He is facing a five-year mandatory on Count 1 and a

13  consecutive five-year mandatory on Count 19.

14  MS. ULRICH:  Your Honor, Mr. Heath has been on

15  pretrial supervision since March 24th of 2016 without a single

16  violation.  He's been living in Ohio with his wife, Tatum, and

17  his two daughters, who are 14 and 8.  He's very involved in

18  their lives.  He's a softball coach.  They do a lot of other

19  activities.

20  I actually have family members in the courtroom who

21  can testify on his behalf, his mother, Lori Coogan, is here,

22  his father Earl Heath is here, his stepmother Mary Heath is

23  here.  They all live in Ohio, I think within close proximity.

24  In fact, the house they live in, 331 Park Avenue in Ohio, I

25  think is owned by his mother and they rent from his mother.

1    Beyond that, Your Honor, he has a job.  And, actually,

2  I have an email from his employer.  I don't have copies for

3  everyone.  It was an email from his employer, Jerry Pickens.

4  He is working construction.  He's working about 30 hours a

5  week.  He's renovating kitchens and bathrooms.  He's been drug

6  tested two times a month.  I understand they've all been

7  negative.  He went to drug and alcohol counseling.  He

8  currently goes to psychological counseling.

9    He has a hearing in two weeks in California because

10  there are pending charges out there that arose as a result of

11  what happened here in Pennsylvania, so he needs to go to

12  California to take care of that.  I'll pass it up for the

13  court.

14    THE COURT:  What are the pending charges in

15  California?

16    MS. ULRICH:  They're gun charges out there, Your

17  Honor, I think unlawful guns, possession of unlawful guns in

18  California.  Right?  I don't know the exact charge.

19    THE DEFENDANT:  It's possession of an unregistered

20  assault weapon.  It was a work weapon that wasn't correctly

21  registered at the time when I was a peace officer, and I'm

22  entering a guilty plea when I go there on that count, Your

23  Honor.

24    MS. ULRICH:  And, Your Honor, I would point out he

25  hasn't missed a single hearing in this matter, and it's been

1  over a year that he's been on pretrial supervision. He's

2  always appeared for all his hearings.

3      He doesn't have a prior record. This is a gentleman

4  that there's no doubt in my mind will show up for sentencing

5  and take whatever consequences that will flow from this case.

6  But if the court wants, his mother and father are here and both

7  ready and willing to testify on his behalf, if that's

8  necessary.

9      *MS. TAYLOR:* Well, Your Honor, while all those

10  arguments would be appropriate at an initial detention hearing

11  and hearing from the defendant's parents might be appropriate

12  there, unfortunately, the standard is different under Title 18,

13  3143(a)(2), and I believe that's what would control at this

14  point now that the defendant has been convicted of these

15  particular offenses. And that particular section indicates

16  that the court shall remand the defendant unless certain things

17  occur, and I don't believe those things are applicable here.

18      *MS. ULRICH:* The court has discretion, and they are

19  applicable. And the court can consider all the factors I've

20  just mentioned to this court, including the fact that all the

21  co-defendants are out on bail, Tyler Long, Ramona Long, and

22  Ryan Falsone. They're all out on bail.

23      Granted, they're not facing the five-year consecutive,

24  but to me, it's all the same case. They're all out on bail.

25  He's been out on bail and has not violated this court's

1   confidence in any way, shape, or form.  In fact, he's been

2   going to counseling to try to deal with this.  And he moved to

3   Ohio to be closer to his family so he could set up his wife and

4   children when he goes to jail.

5          THE COURT:  Counsel, under the circumstances, I do

6   believe that the defendant should be remanded.  That is the

7   standard.  I don't find anything exceptional in the case that

8   makes me comfortable that he is going to appear.  He's

9   convicted with two mandatory counts.  That's not true for the

10  co-defendants.

11         And I know that there were detention hearings, I

12  believe before Judge Carlson, and that was his judgment, that

13  they would remain at large.  I don't know even what their

14  status is at this point.  Have they entered guilty pleas?

15         MS. TAYLOR:  The co-defendants, Your Honor?

16         THE COURT:  Yes.

17         MS. TAYLOR:  They have.

18         THE COURT:  All of the co-defendants?

19         MS. TAYLOR:  All of them have, Your Honor.

20         THE COURT:  All right.  Well, the defendant, convicted

21  at trial by a jury, should be remanded to the custody of the

22  Bureau of Prisons, should be remanded to the marshal, and

23  that's my judgment.

24         MS. ULRICH:  And that's fine.  I understand.  It's not

25  so much that he had a jury trial, it's the fact that he's

1    convicted.  I mean, even after a plea, they can be remanded, if

2    they plead guilty.

3         THE COURT:  Right.  But obviously most of the time

4    that doesn't occur.

5         MS. ULRICH:  It doesn't occur.

6         THE COURT:  And that's really on motion of the

7    prosecutor.  But there's a motion here of detention, and that's

8    the standard, for there to be detention following a trial.

9         MS. ULRICH:  But unless we establish by clear and

10   convincing evidence that he's not a risk of flight or danger to

11   the community, and that's what I've offered.

12        THE COURT:  And obviously you convinced, I believe it

13   was Judge Carlson of that pretrial, but circumstances are now

14   changed, and now we have somebody who has been lawfully

15   convicted.

16        MS. TAYLOR:  Your Honor, just so the record is clear,

17   the standard that Ms. Ulrich is articulating is not the

18   standard, and I can read the entire section into the record if

19   that's necessary.

20        But, you know, in order for Mr. Heath to be released,

21   either the court has to find that there's a substantial

22   likelihood that a motion for acquittal or a new trial will be

23   granted or the attorney for the government has to recommend

24   that no sentence of imprisonment is going to be imposed, and,

25   and the court has to find by clear and convincing evidence that

1  the defendant is not likely to flee or pose a danger to the

2  community.

3      So it can't just be a clear and convincing finding

4  that he's not likely to flee.  The government would have to

5  recommend that we're not going to seek a sentence of

6  imprisonment, and the court would have to make that clear and

7  convincing finding because he's been found guilty of counts

8  that call for a sentence of up to life imprisonment and a

9  controlled substance offense with a ten-year maximum or more.

10 That's what that section calls for.

11     MS. ULRICH:  Your Honor has made the ruling.  I'm not

12 going to sit here and fight over it.  But, you know, that would

13 mean everybody that's convicted would be detained that's going

14 to jail, and that doesn't happen.  That tells me the court has

15 some discretion.  I just had a trial in March where Judge Rambo

16 released a gentleman who was convicted right after trial, and

17 he's not facing a probationary sentence, he's facing jail time.

18     THE COURT:  I appreciate what you're saying, and I

19 know that there are instances when the government doesn't

20 object.  And maybe that's what happened in the case that --

21     MS. ULRICH:  No, the government wanted him detained.

22     THE COURT:  All right.  Well, without knowing the

23 circumstances of that case, I'm just going to assume that Judge

24 Rambo exercised good judgment under all of the circumstances.

25     MS. ULRICH:  She did.

1    *THE COURT:*  But I think in this case, everything

2    points to detention.  And if it will help you, we'll work with

3    you on the sentencing date.  The proposed date is August 16th,

4    but if you want to move that up and we can accomplish that for

5    you, we'll make that happen.

6        *MS. ULRICH:*  Just for the record, and I just want to

7    put this on the record in case -- to preserve it.  I'm moving

8    for judgment of acquittal notwithstanding the verdict on

9    possession in furtherance of -- possession of the firearm in

10   furtherance of drug trafficking.

11       And I do that because I think then we don't have to do

12   post-trials on sufficiency.  Just as a cautionary, I just want

13   to put that I am moving for a judgment of acquittal

14   notwithstanding the verdict on the possession of the firearm in

15   furtherance of drug trafficking.

16       *THE COURT:*  Okay.  Are you going to supplement that

17   with any sort of written --

18       *MS. ULRICH:*  Well, I guess if the court is not going

19   to rule on it, then I probably would have to do post-trials.

20       *THE COURT:*  I'm happy to rule on it now, unless you're

21   telling me you have a submission that you want to make.

22       *MS. ULRICH:*  No, I'm expecting you to rule on it now,

23   actually.

24       *THE COURT:*  The motion is denied.  All right.  Is

25   there anything else for the record?

1    MS. TAYLOR:  Not from the government, Your Honor.

2  Thank you.

3         THE COURT:  Ms. Ulrich?

4         MS. ULRICH:  I have nothing else.

5         THE COURT:  All right.  Thank you, counsel.

6         MS. TAYLOR:  Thank you, Your Honor.

7      (Whereupon, the proceedings were adjourned at 11:45 a.m.)

CERTIFICATE OF OFFICIAL COURT REPORTER


     I, Lori A. Shuey, Federal Certified Realtime Reporter, in
and for the United States District Court for the Middle
District of Pennsylvania, do hereby certify that pursuant to
Section 753, Title 28, United States Code, that the foregoing
is a true and correct transcript of the stenographically
reported proceedings held in the above-captioned matter and
that the transcript page format is in conformance with the
regulations of the Judicial Conference of the United States.
     Dated in Harrisburg, Pennsylvania, this 18th day of
December, 2017.



                         **/s/ Lori A. Shuey**
                         Lori A. Shuey
                         Federal Certified Realtime Reporter